```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASENO. 08-10063-CIV-KING
                                  (07-10012-CR-KING)
                              MAGISTRATE JUDGE P.A. WHITE
```

DOUGLAS BRENNEMAN,              :

    Movant,                     :

v.                              :             REPORT OF
                                                                                                 MAGISTRATE JUDGE

UNITED STATES OF AMERICA,       :

    Respondent.                 :
_____

      Douglas Brenneman filed a <u>pro se</u> motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence imposed pursuant to a guilty plea in Case No. 007-10012-Cr-King.

      This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

      For its consideration of the motion to vacate (Cv-DE#1), the Court reviewed the petitioner's motion, the government's response to an order to show cause with multiple exhibits (Cv-DE#6) and the underlying criminal file. The Amended Judgment of the District Court was entered on August 23, 2007. This motion to vacate was timely filed on September 9, 2008.

      Brenneman raises the following claims:

      1. Counsel was ineffective when he failed to argue that the weapon found in the petitioner's van was planted there despite instructions to argue this point.

      2. The search of the petitioner's van lacked probable cause and was in violation of his Fourth Amendment rights.

      3. Counsel was ineffective for failing to inform him of the government's <u>Brady</u> violation, resulting in an involuntary plea.

      4. His Fourteenth Amendment Rights were violated because the government based its testimony on sworn testimony of law enforcement officials without providing his attorney with the relevant facts and exculpatory evidence.

<u>Factual and Procedural History</u>

On March 16, 2007, Brenneman was indicted in Case No. 07-10012-Cr-King for knowingly possessing a firearm and ammunition, in and affecting interstate and foreign commerce, in violation of 18 U.S.C. §922(g)(1) and 924(e)(1)(Count1), and knowingly possessing an unregistered firearm in violation of 26 U.S.C. §5861(d) and 5871(Count 2).

<u>The Plea Agreement</u> (CRDE#23)

On May 31, 2007, Brenneman pleaded guilty, pursuant to a written plea agreement to Count 1 of the Indictment, charging him as a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1) and 924(e)(1). The government agreed to dismiss Count 2 of the indictment after sentencing. The movant acknowledged in the plea agreement that he understood that the Court must impose a statutory minimum term of imprisonment of 15 years, followed by a

term of supervised release of up to three years. The sentence did not provide for parole. Breenman was also to be subject to a fine.

The movant further acknowledged in the plea agreement that his sentence would be imposed by the District Court "after considering the Federal Sentencing Guidelines" and that the Court will compute an advisory sentence, under the guidelines, but could depart from the advisory guidelines range under certain circumstances, and was permitted to "tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more or less severe than the guidelines advisory sentence.

The movant specifically acknowledged in the plea agreement that he was waiving his right to appeal his conviction and the sentence imposed in his case afforded by 18 U.S.C. §3742. The defendant acknowledged that he discussed the appeal waiver set forth in the agreement with his attorney.

### The Change of Plea Hearing

A Change of Plea Hearing was held before United States District Judge James Lawrence King on May 31, 2007. (DE#6-2) The movant was represented by an Assistant Federal Public Defender Robert N. Berube. The movant acknowledged that he understood the offense he was charged with, and that he faced a maximum sentence of up to life imprisonment, with five years supervised release and a $500,000 fine. The movant acknowledged that he was satisfied with the advice of counsel, and understood he was waiving the rights he would have received had he chosen to go to trial.  The government stated that they had agreed to dismiss Count 2, and would recommend a sentence of a 15 year mandatory minimum.  Defense Counsel stated that his client was trying to cooperate with law enforcement in the hope of

receiving the benefit of a Rule 35 at some later date. The following statements were made on the record, in open Court:

```
COURT:      Are you pleading guilty freely and voluntarily?
DEFENDANT:  Yes Sir
COURT:      Are you pleading guilty because you did in fact
            Possess a firearm and ammunition-
DEFENDANT:  Yes
COURT:      --On September 19, 2006 in Miami? Did you do it?
DEFENDANT:  Yes, Your Honor
```

The Government then proffered the following facts leading to Brenneman's arrest: On September 19, 2006, Brenneman was stopped by a Monroe County Sheriff in Pine Key, Florida. He was cited for having a suspended license and not having a valid registration. Brenneman's van was towed. The Deputy conducted a preliminary investigation of his vehicle and discovered a box of shotgun shells in the glove box, which Brenneman denied were his. The tow truck driver conducted a further search of the truck and found a loaded 410 gauge shotgun. He notified the deputy, who checked the movant's criminal record and found prior convictions. A federal arrest warrant was issued. On March 9, 2007, the movant surrendered to the ATF Case Agent and was read his Miranda rights. In a post arrest Miranda statement Brenneman admitted the shotgun and shells were his, and as a felon he is not entitled to possess same. (Trans p6-7)

The Court found the government had established a factual basis for the plea, that the movant pled guilty freely and voluntarily, with full knowledge of the probable consequences of his act. He was adjudicated guilty of Count 1 of the Indictment. The Court further inquired as to the defendant's understanding that he was voluntarily waiving his right to appeal. The movant responded affirmatively. (Trans p.8).

The government further notified the Court that the defendant qualified under the statute as a habitual offender. Brenneman's prior convictions included 1)robbery in Cape May County, New Jersey, on December 20, 1978, 2)burglary in Philadelphia, Pennsylvania, on April 1982, and 3)aggravated battery with a deadly weapon on July 9, 1993. All three crimes were violent felonies under the Habitual Offender Statute.

The PSI indicated that the petitioner's adjusted offense level was 34, with a criminal history category as VI, as he qualified as an armed career criminal pursuant to 18 U.S.C. §924(e) and 4B1.4(a) of the Guidelines. Brenneman's range was 262-327 months. He received a three point reduction for pleading guilty in a timely fashion resulting in a three point reduction, and a sentencing guideline range of 188-235 months.  He was sentenced to a term of imprisonment of 180 months. (DE#37)

Breeneman's claims of ineffective assistance of counsel, and denial of his constitutional rights are belied by the record.

### Analysis and Law

For Breeneman to succeed on a claim of ineffective assistance of counsel, he must demonstrate that counsel's performance was deficient, and that there is a reasonable probability that, but for counsel's errors, the result would have been different, in other words that the petitioner was prejudiced as a result of counsel's performance. Strickland v Washington, 466 U.S.668 668, 694 (1984); Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000)(*en banc*). The standard is the same for claims of ineffective assistance on appeal. Matire v. Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987). A court may decline to reach the performance prong of the standard

5

if it is convinced that the prejudice prong cannot be satisfied. Id. at 697; Waters v. Thomas, 46 F.3d 1506, 1510 (11 Cir. 1995). Prejudice in the sentencing context requires a showing that the sentence was increased due to counsel's error. Glover v. United States, 531 U.S. 198, 203-204 (2001).

In the context of a case in which guilty pleas or the equivalent were entered, application of the second prong of the two-prong Strickland standard requires a showing that there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Claim 1

In the movant's first claim he alleges that counsel was ineffective for failing to file a motion to suppress the shotgun that was discovered in his van by the tow truck operator, in contradiction with the movant's instructions. The movant now raises the frivolous claim that the gun was planted by the tow truck operator.

First, it should be noted that the movant waived his right to contest all non-jurisdictional defects and defenses, when he entered a knowing and voluntary guilty plea. Where a criminal defendant enters a knowing, voluntary, and intelligent plea of guilty to an offense or offenses, he waives, or more accurately, forfeits all non-jurisdictional defects and defenses. See Smith v. United States, 447 F.2d 487, 488 (5th Cir. 1971), citing, Hayes v. Smith, 447 F.2d 488 (5th Cir. 1971); see also, Wilson v. United States, 962 F.2d 966 (11th Cir. 1992); United States v. Broce, 488 U.S. 563 (1989); United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000), citing,

6

United States v. Smallwood, 920 f.2d 1231, 1240 (5th Cir. 1991). "This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." Id.  To enter into a voluntary plea, the defendant must understand the law in relation to the facts. McCarthy v. United States, 394 U.S. 459 (1969). In this case, the movant understood the facts and the elements of the offense upon which the charges rested. By entering a guilty plea, the movant was telling his lawyer not to conduct any further investigation and not present at a trial proceeding any legal defenses that he may be entitled to as it relates to his case. Under these circumstances, no deficient performance or prejudice has been established and the movant is therefore entitled to no relief on the claim.

Moreover, the claim also fails on the merits.  The Government's response to the Standing Discovery Order, and Summary of Events, (DE#6-3) reveals that initially in his post Miranda statements to the ATF agents on March 9, 2007, the movant claimed that the shotgun belonged to another individual. He later changed his story and, in the presence of Deputy U.S. Marshal Retto, stated that the firearm was his, that he had received the weapon approximately three years earlier and that he had modified the firearm to its present condition.

Counsel cannot be considered ineffective for failing to argue a non meritorious issue. (See: Matire v Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987)(appellate counsel is not required to raise every non-meritorious claim on appeal);Strickland, supra. In this case Breeneman's claims that counsel should have filed a motion to suppress the shotgun on the grounds that it did not belong to him is in direct contradiction to his post Miranda statements in which

he admits the shotgun was his. [1]

Further, this claim is cured by the voluntary and knowing plea that Breeneman entered into, in which he admits to the ownership of the firearm in open Court under oath. [2]

<u>Claim 2</u>

In the second claim, the movant alleges that his Fourth Amendment rights were violated by the "illegal search and seizure of the firearm". This claim is essentially a restatement of Claim 1, that his attorney should have filed a motion to suppress the shotgun. As stated above, this claim is cured by the movant's knowing and voluntary plea in which he derived the benefit of the agreement. The government dismissed Count 2. The movant, who was facing up to a life sentence received a sentence of 180 months. He cannot now attack the legality of a search and seizure that took place before his plea. The Supreme Court has given finality to guilty pleas by precluding claims of constitutional deprivations occurring prior to the entry of the plea. <u>Tollett v Henderson</u>, 411 U.S.258, 267 (1973).

---

[1] Brenneman also includes within claim one, a claim that counsel was ineffective for failing to address a perceived break in the "chain of custody". There was no break in custody, and had the case gone to trial the Government would have established the chain of custody by calling as witnesses the tow truck operator, the deputy sheriff and other officers who placed the shotgun in evidence. This claim is without merit.

[2] "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1628-29, 52 L.Ed.2d 136 (1977); <u>United States v. Rogers</u>, 848 F.2d 166, 168 (11th Cir. 1988).

Claim 3

In claim three the movant argues that he did not receive all relevant Brady[3] material prior to signing the plea agreement, and had he known he would have asked to go to trial. In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court established three criteria a criminal defendant must prove in order to establish a violation of due process resulting from the prosecution's withholding of evidence.  Specifically, the defendant alleging a Brady violation must demonstrate (1) that the prosecution suppressed evidence, (2) that the evidence suppressed was favorable to the defendant or exculpatory, and (3) that the evidence suppressed was material.  United States v. Severdija, 790 F.2d 1556, 1558 (11 Cir. 1986).  Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. United States v. Alzate, 47 F.3d 1103, 1109-1110 (11th Cir. 1995), quoting, United States v. Bagley, 473 U.S. 667, 682 (1985); United States v. Stewart, 820 F.2d 370, 374 (11 Cir. 1987)(same). No such showing has been made here.

Specifically the movant claims ineffective assistance of counsel who failed to bring to his attention that, although the shotgun in this case had a serial number, it was unregistered. This is again another variation on the same theme. There is no Brady violation in this case. The government provided defense counsel with the information that the shotgun was unregistered.  A copy of the Government's Discovery Response indicates that the records search bearing the serial number of the shot gun included a hand written

---

[3] Brady v Maryland, 373 U.S. 83 (1963)

notation that the firearm was unregistered.[4]

Whether defense counsel relayed that information to his client is irrelevant. The movant admitted in his post Miranda statements that the shotgun belonged to him and that he had modified it into its present condition. Finally, as demonstrated by the record, the movant entered into a knowing and voluntary plea and made a statement in open Court at his plea colloquy that the proffer by the government was correct and that the shotgun was his.  After extensive questioning by Judge King, the plea was found to be knowing and voluntary.[5]  The movant cannot claim he was prejudiced by his knowledge or lack thereof of the registration of the shotgun.

Furthermore, once again the movant is attempting to raise claims of violations occurring before his entry of a plea. Tollett, supra, See: Stano v Dugger, 921 F.2d 1125, 1150(11 Cir. 1992). (The Court only allows challenges to the voluntary and intelligent entry of the plea if the convicted defendant can provide serious derelictions in his counsel's advice regarding the plea). Breenemen has failed to demonstrate a serious dereliction in counsel's advice. This claim is without merit.

Claim 4

---

[4]The Government is not obliged to furnish defendant with Brady information prior to entering a plea agreement. United States v Ruiz, 536 US 622(2002).

[5]Unless there is evidence in the record which indicates that defense counsel created a false impression as to the plea agreement, a reviewing court must rely on the plea colloquy and the signed plea agreement for the proposition that the movant understood the agreement. United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.10 (11th Cir. 1987).

Breeneman's final claim is that he was denied equal protection of the law. The movant claims that the government based their case on the sworn testimony of law enforcement offices and failed to make them available for questioning, failed to provide exculpatory facts related to the search and seizure, and coerced a plea from him because he was afraid of receiving a life sentence. These claims have no merit.

Breeneman swore under oath in open court that he was guilty, that no one had threatened him, and that in no way was he forced to plead guilty. (TR 3-4)(Exhibit A). Breeneman's fear of receiving a life sentence does not render this plea involuntary. See: North Carolina v Alford, 400 U.S. 25 (U.S.N.C. 1970) (A voluntary plea with aid of competent counsel entered into because of fear of death sentence does not result in a compelled plea).

Conclusion

The facts in this case, to which the defendant pled guilty, indicated that the movant, an armed career offender was arrested with a sawed off shotgun and shotgun shells in his glove compartment. He ultimately admitted to the ATF Special Agent that the shotgun had been given to him three years earlier and that he had modified the shotgun himself. Counsel's ability to obtain a plea of a below-guidelines sentence fails to demonstrate either ineffective assistance of counsel, nor prejudice. Strickland, supra, Glover, supra.

It is therefore recommended that this motion to vacate be denied.

11

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 15th day of January, 2009.

                                              UNITED STATES MAGISTRATE JUDGE

cc:    Douglas Breeneman, <u>Pro Se</u>
       Reg#
       FCC-Coleman
       Address of Record

       Adam Fells, AUSA
       Office of US Attorney
       Miami Office
       Address of Record